UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

OLGER HERNEY MONTAGUTH PEREZ,

               Petitioner,

v.

MARKWAYNE MULLIN et al.,

               Respondents.

_____/

Case No. 1:26-cv-1692

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

I.      **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with another bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.6.)[1]

_____

[1] Petitioner also filed a motion for a temporary restraining order, asking the Court to order Respondents to take certain actions during the pendency of this action. (ECF No. 2.) In this

In an Order entered on June 1, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondents filed their response and a recording of the April 27, 2026, bond hearing on June 2, 2026. (Resp., ECF No. 6; Recording of Apr. 27, 2026, Bond Hearing, filed on June 2, 2026.)

## II.      Relevant Factual Background

On March 20, 2026, Petitioner filed a § 2241 petition in this Court challenging his detention following a bond hearing in the Detroit Immigration Court. Pet., *Montaguth Perez v. Noem* (*Montaguth Perez II*), No. 1:26-cv-920 (W.D. Mich. Mar. 20, 2026), (ECF No. 1).[2] In *Montaguth Perez II*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) "at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence" within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Montaguth Perez II*, (W.D. Mich. Apr. 20, 2026), (ECF Nos. 11, 12).

On April 27, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (*See* Apr. 27, 2026, Order Immigration Judge, ECF No. 1-4, PageID.19.) In a written order issued on April 27, 2026, the Immigration Judge denied Petitioner's request for bond, stating: "DHS has meet [sic] is [sic] burden to demonstrate flight risk by clear and convincing evidence. No bond." (*Id.*)

---

Opinion, the Court resolves Petitioner's case. In light of this, the entry of the Court's Opinion and corresponding Judgment moots Petitioner's pending motion.

[2] Petitioner also previously filed a petition challenging his initial detention without a bond hearing in *Montaguth Perez v. Noem* (*Montaguth Perez I*), No. 1:26-cv-171 (W.D. Mich. Jan. 16, 2026). The Court conditionally granted Petitioner's petition in *Montaguth Perez I*, and a bond hearing was held on  February 6, 2026. Petitioner challenged the constitutionality of the February 6, 2026, bond hearing in *Montaguth Perez II*.

2

**III.    Discussion**

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not properly apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on April 27, 2026. (*See* Pet., ECF No. 1); *see also Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

## Conclusion

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:      June 9, 2026                    /s/ Jane M. Beckering
                                            Jane M. Beckering
                                            United States District Judge

3